IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CYNTHIA HOEFT**
2059 Tundra Circle
Erie, Colorado 80516
          Plaintiff,

v.

**UNITED STATES OF AMERICA**

          Defendant.

Civil Action No. 1:16-cv-171

## COMPLAINT

Plaintiff Cynthia Hoeft, by counsel, D. Cory Bilton and Michael J. Winkelman, sues Defendant United States of America, and states the following:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

2. Plaintiff Cynthia Hoeft is a resident of the town of Erie, Colorado. At the time of the incident described below, Ms. Hoeft was a resident of Arlington, Virginia.

3. Defendant United States of America is sued for Plaintiff's personal injuries caused by the negligent or wrongful acts or omission of its employees. Those employees were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the District of Columbia. *See* 28 U.S.C. § 1346(b).

4. Jurisdiction of the Court is proper under 28 U.S.C. § 1331 and § 1346(b) because Ms. Hoeft's claim is against the United States. Ms. Hoeft submitted an administrative claim to the Department of the Interior, which was denied, permitting this suit to be filed.

5. This venue is proper under 28 U.S.C. § 1402(b) because the District of Columbia is where the acts or omissions giving rise to Ms. Hoeft's claim occurred.

6. On April 25, 2013, Ms. Hoeft was riding a Capital Bikeshare bicycle eastbound on a paved trail on the north side of Memorial Avenue, on the island referred to as Columbia Island or Lady Bird Johnson Park, in Washington, DC.

7. At the intersection between the paved trail upon which Ms. Hoeft was riding and South Arlington Boulevard, there is a marked crosswalk crossing three lanes of northbound vehicle traffic.

8. The intersection between the paved trail upon which Ms. Hoeft was riding and South Arlington Boulevard is close to an area in which vehicles driving on Memorial Bridge merge with vehicles on Memorial Circle. After merging in the circle, vehicles either remain on Memorial Circle or exit the circle northbound on South Arlington Boulevard.

9. On April 25, 2013, the intersection between the paved trail upon which Ms. Hoeft was riding and South Arlington Boulevard was not controlled by traffic lights or stop signs. While there were painted crosswalk markings and two pedestrian warning signs on either side of the roadway at the crosswalk, there were no warning lights, flashing beacons, rumble strips, or advanced warning signs facing vehicles approaching the crosswalk. Additionally, there was no pedestrian- or bicyclist-activated warning lights or signals that would have allowed Ms. Hoeft to slow or stop vehicle traffic.

10. Before Ms. Hoeft entered the crosswalk, vehicle traffic stopped in the two western-most lanes to allow her to cross through the crosswalk. At the time that Ms. Hoeft entered the crosswalk, there was no vehicle traffic in the eastern-most lane.

11.     While Ms. Hoeft crossed through the crosswalk, she was struck by a vehicle driving in the eastern-most lane.

12.     As a direct and proximate result of the events set forth above, Ms. Hoeft incurred medical expenses in the past and will incur medical expenses in the future; suffered lost wages and/or a lost earning capacity in the past and will suffer such losses in the future; and experienced pain, suffering, inconvenience and harm in the past and will experience such loses in the future (generally referred to as non-economic damages).

13.     The dangerous conditions posed to pedestrians, bicyclists, and motorists at the crosswalks near Memorial Circle, including the crosswalk where Ms. Hoeft was struck, were known to Defendant United States before April 25, 2013. Defendant United States knew the area was used by a high volume of pedestrians, bicyclists, and motorists on a daily basis.  Collisions between pedestrians, bicyclists, and motor vehicles were not uncommon in the area before April 25, 2013, and near misses occurred frequently.

14.     Acknowledging the dangerous conditions posed by the crosswalks near Memorial Circle, Defendant United States performed a Pedestrian Road Safety Audit ("RSA") to further investigate and validate the basis or origins of the safety concerns and traffic accidents and to evaluate strategies that may enhance the safety of the Memorial Circle area for all transportation users.  The RSA was completed in November 2011.

15.     The RSA made numerous recommendations to Defendant United States to improve pedestrian and bicycle safety in the Memorial Circle area, including, but not limited to, installing advanced pedestrian warning or bicycle/pedestrian signs on all approach roadway crosswalks, installing pedestrian- or bicyclist-activated rapid flash beacons to increase driver awareness of crosswalks, installing pedestrian level lighting at all crosswalks, installing "Share

the Road" signs and plaques to alert drivers to the presence of pedestrians and bicyclists, installing transverse rumble strips ahead of crosswalks, and/or installing raised pavement pedestrian crossings.

16. Defendant United States, through the National Park Service, undertook to make the improvements recommended in the RSA.

17. Defendant United States, through the National Park Service, undertook to install advanced warning signs for the Memorial Circle crosswalks. Defendant stated that the sign installation was completed by June 15, 2012. However, no advanced warning signs were in place at the crosswalk Ms. Hoeft used on April 25, 2013.

18. Before April 25, 2013, Defendant United States, through the National Park Service, did not install pedestrian- or bicyclist-activated rapid flash beacons to increase driver awareness, did not install pedestrian level lighting, did not install "Share the Road" signs and plaques to alert drivers to the presence of pedestrians and bicyclists, did not install transverse rumble strips, and did not install a raised pavement pedestrian crossing at the crosswalk upon which Ms. Hoeft was struck.

19. While using the crosswalk on April 25, 2013, Ms. Hoeft relied upon Defendant United States to adequately warn motorists—through the use of signs, lights, markings, traffic calming devices, and enforcement—that the motorists were approaching an uncontrolled intersection where pedestrians and bicyclists could be using the crosswalk.

20. "[A]ny discretion exercised by [Defendant United States] with respect to where and how to post signs warning of dangerous road conditions [does] not implicate 'political, social, or economic' policy choices of the sort that Congress intended to protect for suits under the FTCA." *Cope v. Scott*, 45 F.3d 445, 446 (D.C. Cir. 1995). The "discretion regarding where

and what type of signs to post is not the kind of discretion protected by the discretionary function exception" to sovereign immunity. *Id.* at 451.

## COUNT 1

### (Negligence – United States of America)

21. Ms. Hoeft incorporates by reference and adopts all the allegations and assertions of fact in the preceding paragraphs as if fully repeated below.

22. On property under its ownership or management, Defendant United States of America has a duty to warn motorists, pedestrians, and bicyclists of known dangers on the property; to place and maintain appropriate and adequate warning signs along the roadway; and to alert motorists, pedestrians, and bicyclists to safety hazards on the road.

23. At the crosswalk where Ms. Hoeft was struck on April 25, 2013, Defendant United States of America breached its duty to her by failing to warn motorists, pedestrians, and bicyclists of known dangers on property it manages; failing to place and maintain appropriate and adequate warning signs along the roadway and the crosswalk; and failing to alert motorists, pedestrians, and bicyclists of safety hazards on the roadway.

24. But for the breaches set forth above, Ms. Hoeft would not have been struck on April 25, 2013. Stated another way, had the Defendant properly placed and maintained signage on the roadway and/or crosswalk at issue, Ms. Hoeft would not have been struck and injured.

25. As a direct and proximate result of Defendant United States' breach of its duty to her, Ms. Hoeft suffered extensive permanent and ongoing mental and physical pain, suffering, distress, fear, anxiety, disability, and embarrassment; has incurred past medical bills and costs; will continue to incur future medical bills and costs; has incurred lost wages; and will continue to incur lost wages in the future; and incurred related expenses.

THEREFORE, Plaintiff Cynthia Hoeft demands judgment against Defendant United States of America in the amount of Five Million Dollars ($5,000,000).

Respectfully submitted,

CYNTHIA HOEFT

By Counsel

  /s/ D. Cory Bilton
D. Cory Bilton
(DDC Bar # VA003, DC Bar #1026754)
717 D Street, NW, Suite 300
Washington, DC 20004
Phone: (202) 347-0303
Facsimile: (301) 576-3977
E-mail: cory@biltonlaw.com
*Counsel for Plaintiff*

Michael J. Winkelman
(DC Bar # 502551)
4300 Forbes Blvd, Suite 205
Lanham, MD 20706
Phone: 301-262-7422
Facsimile: 301-262-0562
E-mail: mike@mccarthywinkelman.com
*Counsel for Plaintiff*